# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
Delaware County

717402

**For Prothonotary Use Only**
Docket No: 12-6174

2012 JUL 20 AM 8:11

MENDES & MOUNT LLP
RECEIVED, PA.
JUL 20 2012

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| SAP America, Inc. and SAP Aktiengesellschaft | Swiss RE International SE |

Name C. Smyth
Signature

**Are money damages requested?** [ ] Yes [ ] No

**Dollar Amount Requested:** (check one)
- [x] within arbitration limits
- [x] outside arbitration limits

**Is this a Class Action Suit?** [ ] Yes [x] No

**Is this an MDJ Appeal?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: Darin J. McMullen, Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [x] Other: Bad Faith pursuant to 42 Pa.C.S. 8371

*Updated 1/1/2011*

**Anderson Kill & Olick, P.C.**
By: Darin McMullen, Esq. (I.D. No.: 78860)
1600 Market Street
Suite 2500
Philadelphia, PA 19103
(267) 216-2700

| | |
|---|---|
| SAP AMERICA, INC.<br><br>and<br><br>SAP AG<br>     Plaintiffs,<br>v.<br>SWISS RE INTERNATIONAL SE<br>     Defendant. | DELAWARE COUNTY<br>COURT OF COMMON PLEAS<br><br>NO. 12-6174 |

TO: SWISS RE INTERNATIONAL SE
   (f/k/a SR International Business Insurance Company Ltd.)
   Forte Building, 2A, rue Albert Borschette
   L-1246 Luxembourg

## NOTICE TO DEFEND-CIVIL

   You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

   YOU SHOULD TAKE THIS PAPER TO A YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

DELAWARE COUNTY BAR ASSOCIATION
LAWYER REFERRAL SERVICE
335 WEST FRONT STREET
MEDIA PA 19063-2340
(610) 566-6627

phidocs-65518.1

**Anderson Kill & Olick, P.C.**
By: Darin McMullen, Esq. (I.D. No.: 78860)
1600 Market Street
Suite 2500
Philadelphia, PA 19103
(267) 216-2700

**JURY TRIAL DEMANDED**

Attorneys for Plaintiffs
SAP AG and
SAP AMERICA, INC.

| | |
|---|---|
| SAP AMERICA, INC.<br>3999 West Chester Pike<br>Newtown Square, PA 19073<br><br>and<br><br>SAP AG<br>Dietmar-Hopp-Allee 16<br>D-69190 Walldorf, Germany<br><br>Plaintiffs,<br><br>v.<br><br>SWISS RE INTERNATIONAL SE<br>(f/k/a SR International Business Insurance<br>Company Ltd.)<br>Forte Building, 2A, rue Albert Borschette<br>L-1246 Luxembourg<br>Defendant. | DELAWARE COUNTY<br>COURT OF COMMON PLEAS<br><br>NO. _____ |

FILED 2012 JUL 20 AM 8:11 OFFICE OF JUDICIAL SUPPORT DELAWARE CO. PA.

## VERIFIED COMPLAINT

Plaintiffs SAP AMERICA, INC. and SAP AG (collectively "SAP") and, by and through their undersigned counsel, Anderson Kill & Olick, P.C., hereby files this Verified Complaint for bad faith under 42 Pa. Con. Stat. § 8371 against Defendant Swiss Re International SE (f/k/a SR International Business Insurance Company Ltd.) ("Swiss Re"):

## PRELIMINARY STATEMENT

1. This is an action for bad faith claims handling conduct arising out of SWISS RE's refusal to cover and pay its share of a settlement SAP funded in April 2010 to resolve an underlying third-party action brought against SAP on March 20, 2008, styled, *Waste Management Inc. and USA Waste-Management Resources, L.L.C. v. SAP AG and SAP America, Inc.*, Cause No., 2008-17510, District Court of Harris County, TX (the "Underlying Action").

2. SAP seeks damages, interest, attorney fees and costs for SWISS RE's bad faith refusal to meet its coverage obligations under Section 8371.

## THE PARTIES

3. Plaintiff SAP AMERICA, INC. is a corporation organized and existing under the laws of Delaware with a principal place of business at 3999 West Chester Pike, Newtown Square, PA 19073.

4. Plaintiff SAP AG is a foreign corporation organized and existing under the laws of Germany with a principal place of business at Dietmar-Hopp-Allee 16, D-69190 Walldorf, Germany. Both SAP parties in this Action are covered and insureds under the subject insurance coverage.

5. Defendant SWISS RE is, upon information and belief, a foreign corporation organized and existing under the laws of Luxembourg with a principal place of business at Mythenquai 50/60, 8022 Zurich, Switzerland.

6. Defendant SWISS RE is a company engaged in the business of selling and providing insurance coverage and conducts such business in the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

7. The subject matter jurisdiction of this Court is based upon 42 Pa. Cons. Stat. § 931 because the matters giving rise to this action are within the general jurisdiction of the Court.

8. Venue is proper under Pennsylvania Rule of Civil Procedure 2179 because SWISS RE regularly transacts business in this County, SAP transacted business with SWISS RE in this County, and the cause of action arose in this County.

9. Jurisdiction and venue are also proper because the SWISS RE Policy contains a "service of suit" clause obligating SWISS RE to submit to the jurisdiction of a court selected by SAP that is competent to preside over this dispute.

10. Jurisdiction and venue are also proper because *Nealy v. State Farm Mut. Auto. Ins. Co.*, 695 A.2d 790 (Pa. Super 1997) instructs that Section 8371 bad faith claims must be brought against insurance companies in the Court of Common Pleas of Pennsylvania.

## FACTUAL BACKGROUND

### Background of SAP's Business and Dealings with Waste Management

11. SAP is a computer software company specializing in providing business software to more than 109,000 customers in over 120 countries.

12. SAP's core business is selling licenses for software solutions and related services, which cover standard business applications and technologies as well as specific industry applications.

13. In addition, SAP provides consulting, maintenance, and training services for its software solutions.

14. One of its customers, Waste Management, purchased software licenses and related software services from SAP for software that Waste Management wanted to use to help run certain operations in its waste handling business.

15. In the course of SAP's services to Waste Management, however, Waste Management identified purported "gaps" in the software that Waste Management ultimately concluded in 2008 would not make the software viable for use in its business operations.

16. On February 1, 2008, Waste Management asked SAP to sign a tolling agreement.

17. On March 4 and 5, 2008, Waste Management and SAP agreed to mediate their differences regarding the software that SAP had furnished to Waste Management.

18. After the March 2008 mediation was unsuccessful, Waste Management brought the Underlying Action by suing SAP in state court in Houston, TX, on March 20, 2008, alleging damages for breach of contract, negligent misrepresentation and fraud.

19. SAP, through its insurance broker, AON, provided timely notice to its professional liability insurance tower carriers, among others, SWISS RE, of the Waste Management lawsuit on March 28, 2008. AON also provided notice of a potential claim arising out of the Waste Management software matter to its professional liability insurance tower carriers, among others, SWISS RE, on December 10, 2007.

The SWISS RE Policy

20. In late September 2006, SWISS RE sold SAP an excess liability insurance policy, policy number QK0600382 with a policy period of September 30, 2006 to September 30, 2007 (the "Prior SWISS RE Policy").

21. This Prior SWISS RE Policy was part of a "layered" liability insurance program purchased by SAP.

22. "SAP AG" is a named "assured" on the Prior SWISS RE Policy, which provides $15 million of excess insurance coverage.

23. In late September 2007, SWISS RE sold SAP an excess liability insurance policy, policy number QK0700382 with a policy period of September 30, 2007 to September 30, 2008 (the "SWISS RE Policy"). A copy of the SWISS RE Policy is attached as Ex. "A." SAP AG is a named "assured" on the Swiss Re Policy. SAP America is also an insured under the Swiss Re Policy.

24. Unlike the Prior SWISS RE Policy, the SWISS RE Policy is not denominated in U.S. dollars. Instead, the policy limits of the SWISS RE Policy are denominated in Euros. The SWISS RE Policy promises SAP €15 million in liability insurance protection.

25. Like the Prior SWISS RE Policy, the SWISS RE Policy is part of a layered liability insurance program purchased by SAP, with SWISS RE occupying the third excess layer of the insurance tower.

26. Unlike the Prior SWISS RE Policy, the SWISS RE Policy contains an arbitration clause calling for London arbitration.

27. As set forth above, the SWISS RE Policy also contains a service of suit clause that states, among other things, "that in the event of the failure of the

Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon at the request of the Insured…will submit to the jurisdiction of a Court of competent jurisdiction within the United States."

28. The SWISS RE Policy also provides, among other things, that "Applicable Law" will be the "Commonwealth of Pennsylvania."

29. SAP has submitted a claim under the Swiss Re Policy and has satisfied all conditions precedent to obtain the insurance coverage available under the SWISS RE Policy, including the payment, in full, of the insurance premium due for the insurance protection promised by SWISS RE.

### Coverage Provided by the SWISS RE Policy

30. The SWISS RE Policy provides coverage for "claims first made against the Assured during the Period of Insurance" "up to this Policy's amount of liability[.]" The SWISS RE Policy provides coverage for certain categories of liability that are contained in the underlying primary liability insurance policy sold to SAP by AIG Europe S.A. under policy number Y 11 PIO 4266.

31. The AIG Primary Policy provides for €20 million in policy limits.

32. The insuring agreements in the AIG Primary Policy provide insurance coverage to SAP for claims in connection with "Professional Liability", "Technology Products," Intellectual Property" , "Defamation," "Fraud/Dishonesty", "Data Protection", and "Defence".

33. The Underlying Action triggered one or more of the insurance grants of coverage under the SWISS RE Policy.

### Settlement of the Underlying Action

34. In March 2010, after approximately 2 years of litigation, Waste Management and SAP mediated their dispute to see if a settlement could be reached before trial of the Underlying Action.

35. The mediation was presided over by Judge Layn Phillips, a nationally recognized mediator.

36. On April 16, 2008, SAP and Waste Management settled the Underlying Action, by payment of $80 million. At the time of settlement, Waste Management had been seeking recovery of over $1 billion in the Underlying Action, including over $400 million in compensatory damages.

37. Throughout the duration of the Underlying Action, SAP provided information routinely to its liability insurance companies, including SWISS RE.

38. SWISS RE was informed (in advance) of: (1) the mediation, (2) the parties' agreement to use Judge Phillips to preside over the mediation, (3) the settlement negotiations surrounding the mediation, and (4) the ultimate settlement reached between SAP and Waste Management.

39. SWISS RE did not object to the settlement reached between SAP and Waste Management but did refuse at the time to commit to funding SWISS RE's share of the settlement payment. Further, SWISS RE did agree not to assert lack of consent as a defense to coverage with respect to any settlement regarding the Underlying Action.

<u>SWISS RE's Failure to Cover SAP</u>

40. Even though SAP is covered under the Swiss Re Policy and had duly and timely notified SWISS RE of the Underlying Action and of subsequent litigation

developments, including the settlement between SAP and Waste Management, SWISS RE failed to honor its insurance coverage obligations to SAP.

41. On March 19, 2010, SWISS RE, through the law firm it retained to investigate and handle SAP's insurance claim, Sedgwick, Detert, Moran & Arnold, LLP, sent a letter to AON asserting various supposed "coverage issues and concerns raised by" the Waste Management insurance claim.

42. Over the course of the remainder of 2010, SWISS RE purportedly investigated the insurance claim and made numerous requests for additional information.

43. In response, SAP provided at various times documents, information and access to millions of pages of Waste Management and SAP productions in the Underlying Action, court filings, deposition transcripts, expert reports and other data.

44. On several occasions in 2010 and 2011, SAP communicated to SWISS RE that SAP expected SWISS RE to honor its insurance coverage obligations in full and also indicated its disagreement with any argument raised by SWISS RE that SWISS RE could avoid its insurance coverage obligations for the Waste Management insurance claim.

45. Nevertheless, on February 11, 2011, SWISS RE sent another letter to SAP through the Sedgwick firm indicating that there were several arguments SWISS RE could make (based upon SWISS RE's purported present understanding of the relevant facts and law) to avoid providing insurance coverage to SAP under the terms of the SWISS RE Policy.

46. Contrary to SWISS RE's position, however, the SWISS RE Policy provides coverage for the Underlying Action and SWISS RE must pay its share of the Waste Management settlement, up to the full limits of the SWISS RE Policy.

47. In this regard, SAP's primary insurance company, AIG Europe, has already paid (on June 17, 2010) its full limits of insurance coverage for defense costs and its share of SAP's settlement costs.

48. Similarly, Hiscox Syndicate 0033 at Lloyd's of London, which sold to SAP the first excess layer of insurance coverage, has also acknowledged coverage and paid (on July 14, 2010) its full limits of insurance coverage for its share of SAP's settlement costs in the Underling Action.

49. The next layer excess liability insurance company, ACE European Group Ltd., also paid its policy limits in full of €15,000,000 to SAP.

50. SWISS RE is the next-in-line excess liability insurance company and its coverage obligations for SAP's settlement costs have been triggered (for over two years now) given that SAP funded the settlement with Waste Management.

51. By virtue of SAP's funding of the settlement and the insurance payments by AIG Europe, Hiscox Syndicate 0033 at Lloyd's of London, and ACE European Group Ltd., the insurance underlying the SWISS RE Policy is fully exhausted and SWISS RE is required to pay its policy limits in full to cover it share of SAP's settlement costs.

52. SWISS RE has failed and refused, without valid justification, to pay any amount under the SWISS RE Policy for the Underlying Action and subsequent SAP settlement with Waste Management.

53. For the past several months, the parties had been negotiating the terms of submitting their dispute to a binding mediation process in place of litigation and arbitration but those negotiations have broken down.

54. SAP will be submitting its breach of contract and declaratory judgment causes of action by noticing arbitration against Swiss Re in the near future in an effort to compel SWISS RE to honor its insurance coverage obligations under the SWISS RE Policy, as the SWISS RE Policy covers the allegations made by Waste Management in the Underlying Action and the subsequent settlement thereof.

## CAUSE OF ACTION
## BAD FAITH IN VIOLATION OF 42 PA. CONS. STAT. § 8371

55. SAP incorporates the allegations in the foregoing paragraphs as if the same were set forth herein.

56. An insurance company has a duty to act with the utmost good faith towards its policyholder.

57. SWISS RE's conduct constitutes bad faith conduct prohibited by 42 Pa. Cons. Stat. § 8371.

58. Any action commenced against an insurance company under 42 Pa. Cons. Stat. § 8371 must be filed in a Pennsylvania Court of Common Pleas and may not be submitted to arbitration. *Nealy v. State Farm Mut. Auto. Ins. Co.*, 695 A.2d 790, 794 (Pa. Super 1997) (holding that "[j]ust as appellants were contractually required to initially litigate their insurance claims at the arbitration level, they were statutorily required to commence their bad faith claim against their insurer in the court of common pleas").

59. SWISS RE has acted in bad faith with respect to SAP by and through its reckless and/or intentional refusal to cover SAP for settlement of the Underlying Action, even when the underlying insurance companies, AIG Europe, Hiscox Syndicate 0033 at Lloyd's of London, and ACE European Group Ltd. have paid their insurance policy limits in full to SAP, acknowledging that there payments were for the Underlying Action and settlement thereof under the insurance policies sold to SAP.

60. In violation of its duties to SAP and in violation of Pennsylvania law, SWISS RE is liable under section 8371 by engaging in bad faith by:

   a) recklessly or intentionally denying its obligation to provide SAP with coverage for settlement of the Underlying Action when it knew or should have known it had a duty to provide such insurance coverage;

   b) asserting positions that it knew, or should have known, were unreasonable, frivolous, and untenable;

   c) recklessly or intentionally failing to consider the legal and factual support for SAP's position;

   d) recklessly or intentionally delaying its review and investigation of the claim; and

   e) otherwise acting intentionally, maliciously, unreasonably, or recklessly in denying SAP the benefits of the insurance it purchased.

61. As a result of SWISS RE's bad faith actions, SAP has suffered, and will continue to suffer, substantial damages.

WHEREFORE, Plaintiff SAP respectfully requests this Honorable Court to award SAP all amounts due including compensatory and consequential damages,

interest, attorneys fees, punitive damages, costs, and any further compensatory relief this Court deems equitable, just and proper.

## JURY DEMAND

Plaintiff SAP demands a jury trial on all issues so triable.

July 18, 2012

By: _____
DARIN J. MCMULLEN

Anderson Kill & Olick, P.C.
1600 Market Street
Suite 2500
Philadelphia, PA 19103
Telephone: 215-568-4202

Attorneys for Plaintiff
SAP AG and SAP America, Inc.

## VERIFICATION

I, Marcin Plonka, Global Risk Manager, Global Insurance and Risk Management, SAP America, Inc., hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Dated: July 18, 2012

_____
Marcin Plonka

phidocs-65189.1